# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| AMY OWENS | CIVIL ACTION NO. 05-995 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GILSBAR INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is an Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, appeal [Doc. No. 24] filed by Plaintiff Amy Owens ("Owens"). Defendants Gilsbar, Inc. ("Gilsbar") and McGlinchey Stafford, PLLC, Health Care Plan ("McGlinchey") (collectively "the Defendants") have opposed Owens' appeal [Doc. No. 25].

On March 29, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 27] recommending that the Defendants' denial of benefits be reversed and that Owens be awarded attorney's fees. On April 12, 2006, McGlinchey filed an objection [Doc. No. 28] to the Report and Recommendation. On April 17, 2006, Owens filed her response [Doc. No. 30] to McGlinchey's objection. On April 27, 2006, McGlinchey filed a reply [Doc. No. 33] to Owens' objection.

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation.

## I.    FACTS AND PROCEDURAL HISTORY

This case involves the denial of medical benefits provided under an ERISA plan. While

employed at McGlinchey, a general practice law firm, Owens enrolled in McGlinchey's health care plan ("Plan") on July 7, 2003, with coverage beginning on August 1, 2003. On August 8, 2003, Owens began her employment at McGlinchey. Under the Plan, coverage is not provided for the first twelve months of enrollment for medical expenses related to a pre-existing condition.[1]

On September 23, 2003, Owens was diagnosed with a nasal septal deviation ("deviated septum"). On October 8, 2003, she had surgery to correct the deviation. Owens submitted her medical expenses to the Plan for payment, but Gilsbar, the Plan Administrator, determined that her deviated septum was a pre-existing condition and denied coverage. The basis for denial was Owens' prior treatment on March 31, 2003, for allergic rhinitis. According to Gilsbar, the symptoms for allergic rhinitis overlapped with those for a deviated septum and, therefore, were evidence that Owens suffered from the deviation prior to the date of coverage.

On January 28, 2004, Owens was notified by Gilsbar that her claim had been denied. On April 13, 2004, Owens appealed the denial. On May 13, 2004, Gilsbar requested that an independent review of the claim be conducted by the Medical Review Institute of America, Inc. ("MRIA"). The review was completed on May 24, 2004, and the reviewer found that Gilsbar's denial should be upheld. On June 1, 2004, Owens' appeal was denied, and Gilsbar's decision was upheld.

On February 21, 2006, Owens timely filed this appeal. The appeal was referred to

---

[1] A pre-existing condition is defined as, "an injury or illness for which a covered person received medical advice, diagnosis, care or treatment that was recommended or received for the condition during the six-month period prior to [her] enrollment date under the plan." [Doc. No. 21].

Magistrate Judge Hayes for Report and Recommendation. On March 29, 2006, Magistrate Judge Hayes issued her Report and Recommendation.

After review, Magistrate Judge Hayes found Gilsbar's determination that Owens' deviated septum was a pre-existing condition was not supported by substantial evidence and was arbitrary and capricious. Magistrate Judge Hayes recommended reversing Gilsbar's decision. Magistrate Judge Hayes also recommended that Owens' request for attorney's fees be granted.

The Court adopts Magistrate Judge Hayes' recommendation that Gilsbar's decision be reversed, but, for the reasons discussed below, declines to adopt Magistrate Judge Hayes' recommendation that Owens be awarded attorney's fees.

## II. LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, McGlinchey timely filed its objection to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

Title 29, United States Code, Section 1132(g) provides that in the ERISA context, ". . . any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). In determining whether to award a party attorneys' fees, courts should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question

3

regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

In Magistrate Judge Hayes' Report and Recommendation, she merely concluded that, "[g]iven the facts of this case, the Court's broad discretion in awarding such fees, and the factors listed above, the undersigned recommends that Owens' request be **GRANTED** and that she be awarded reasonable attorney's fees herein." [Doc. No. 27, p. 5] (emphasis in original).[2]

The Court finds that Owens is not entitled to attorney's fees. First, the Court is not persuaded that there has been bad faith or a degree of culpability on the part of the Defendants that justifies attorneys' fees under these circumstances. Gilsbar provided Owens with reasons under the Plan for denying her claim in a timely manner. Gilsbar timely submitted Owens' appeal, obtained an independent review by MRIA, and MRIA upheld Gilsbar's denial of her claim. Although the Court agrees with Magistrate Judge Hayes' recommendation that the claim should not have been denied, Gilsbar acted timely and reasonably to resolve Owens' application for medical benefits.

Second, the Court finds that Owens was not seeking attorneys' fees to benefit all participants or beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself. Owens' claim is very fact specific to her individual circumstances, and her claim has limited future application.

---

[2]Some analysis applying the *Bowen* factors to the facts of this case would have been helpful to the Court. *See Bowen* 624 F.2d at 1266 ("We think that it would be helpful for district courts to have some guidelines to assist them in exercising their discretion, and we are certain that it would be helpful for us if the courts justified their decisions in terms of such guidelines."); *see also Pitts v. American Sec. Life Ins. Co.*, 931 F.2d 351, 358 (5th Cir. 1991) ("The district court carefully considered the five *Bowen* factors and clearly enunciated its reasons for denying attorney fees.").

Finally, the Court finds that the parties have made colorable arguments regarding the interpretation of the Plan language.[3] Despite the Court's ultimate conclusion, attorneys' fees are unjustified in this case when both parties have presented arguments that have some factual and legal merit.

## III. CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 27].

The Court ADOPTS the Magistrate Judge's recommendation that Gilsbar's decision be reversed, and that the Plan be ordered to provide Owens with benefits in the amount of $23,469.08 for expenses related to her surgery for a deviated septum.

The Court DECLINES TO ADOPT the Magistrate Judge's recommendation that Owens be granted attorneys' fees under the circumstances of this case.

MONROE, LOUISIANA this 1st day of June, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] While the Court has considered all the *Bowen* factors, it finds that the three factors it has described herein justify the denial of Owens' request for attorneys' fees. *See Bowen* 624 F.2d at 1266 ("No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address.").